## WOODSIDE v. VASEY et al.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. January 2, 1906.)

### No. 168.

COURTS—JURISDICTION OF FEDERAL COURTS—ACTION BY ASSIGNEE.

A Circuit Court of the United States is without jurisdiction of an action against the directors of a corporation to enforce payment of a number of claims against the corporation, all but one of which were assigned to plaintiff for the express purpose of enabling him to sue thereon in such court, and in fact remain the property of the assignors where no one of the claims singly is sufficient in amount to give the court jurisdiction. Nor is the question of jurisdiction affected by the fact that plaintiff obtained a judgment against the corporation on such claims in a state court for an amount exceeding $2,000.

[Ed. Note.—Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent Stribling Show Co. v. Roper, 36 C. C. A. 459.]

Action at law to recover of the defendants, as directors of the Neptune Mining Company, a Colorado corporation, the sum of $5,500 as

the aggregate amount of the claims or demands of the plaintiff and of 30 other persons, firms, or corporations against said mining company, which have been assigned to the plaintiff.

John R. Smith and S. K. Tracy, for plaintiff.
Jamison & Smyth and Williamson & Willoughby, for defendants.

REED, District Judge. A jury has been waived in writing and the cause is submitted to the court. The testimony conclusively shows that the plainiff is not in fact the owner of, or the real party in interest in, any of the claims against the mining company that have been assigned to him; that the amount of his own claim against said company is only $162.36, and that the amount of none of the separate claims of the others assigned to him exceeds $650, while some are less than $100, but the aggregate of all amounts to $5,500; that said claims other than his own were assigned to plaintiff for the purpose of collection only; that he paid no consideration therefor, and that said assigned claims or demands in fact remain the property of the different assignors thereof, who are paying pro rata the expenses of prosecuting this action; that, if plaintiff recovers upon said claims from the defendants, the amount of such recovery above the plaintiff's individual claim will be for the benefit of the several assignors thereof, and will be distributed to them in proportion to the amount of the claim of each. It also satisfactorily appears that said several claims, other than that of the plaintiff, were assigned to him by the different owners thereof, to be added to the amount of plaintiff's claim to create an amount in excess of $2,000 for the express purpose of enabling the plaintiff to sue thereon in this court. It also appears that in October, 1903, the plaintiff recovered judgment in the district court of Custer county, Colo., against the Neptune Mining Company for the amount of his own claim, to wit, $162.36, and a part of the other claims so assigned to him; such judgment being for the amount of $2,724.46.

Such judgment does not change the plaintiff's right to or interest in the several claims that were so assigned to him. The recovery thereof was but one step towards the collection of said claims for the benefit of the several assignors thereof, and the court may go back of it to ascertain upon what it is founded, who are the real parties in interest therein, and the real transaction between the plaintiff and said several assignors, to determine whether or not the case is one of federal jurisdiction. Farmington Village Corp. v. Pillsbury, 114 U. S. 138–146, 5 Sup. Ct. 807, 29 L. Ed. 114. That was a suit upon municipal bonds and coupons, in which one of the questions involved was the real ownership of the coupons as affecting the jurisdiction of the circuit court. The court, after stating the facts, said:

"It is a suit for the benefit of the owners of the bonds. They are to receive from the plaintiff one-half of the net proceeds of the case they have created by their transfer of the coupons gathered together for that purpose. The suit is their own in reality, though they have agreed that the plaintiff may retain one-half of what he collects for the use of his name and his trouble in collecting. It is true the transaction is called a purchase in the papers that were executed, and that the plaintiff gave his note for $500; but the time for payment was put off for two years, when it was no doubt supposed

the result of the suit would be known. No money was paid, and, as the note was not negotiable, it is clear the parties intended to keep the control of the whole matter in their own hands, so that if the plaintiff failed to recover the money he could be released from his promise to pay. In the language of Mr. Justice Field, speaking for the court in Detroit v. Dean, 106 U. S. 537, 541, 1 Sup. Ct. 560, 27 L. Ed. 300, applied to the facts of this case, the transfer of the coupons was a 'mere contrivance, a pretense, the result of a collusive arrangement to create' in favor of this plaintiff, 'a fictitious ground of federal jurisdiction.' "

The plaintiff's interest in or right to the assigned claims upon which he sues in this action is stated by him as follows: After stating that his own claim against the Neptune Mining Company is $162.36, he says:

"The assignments of the accounts to me, and of the judgment, aside from my personal account, were made to me for the sole purpose of beginning suit in my name, and to thus save expenses. I have no interest in any of said claims or judgments, except my individual claim. The actual ownership of the said judgments and the proceeds thereof, and the accounts and the proceeds thereof, belong to the several assignors, and I am to account to them and to pay them such proceeds in case I collect them."

As none of the claims or demands so assigned to the plaintiff is of sufficient amount to authorize an action thereon in a court of the United States, it seems clear that this action cannot be maintained in this court. Williams v. Nottawa Tp., 104 U. S. 209, 26 L. Ed. 719; Bernards Township v. Stebbens, 109 U. S. 341, 3 Sup. Ct. 252, 27 L. Ed. 956; Lake county v. Dudley, 173 U. S. 243, 19 Sup. Ct. 398, 43 L. Ed. 684; Waite v. Santa Cruz, 184 U. S. 302–325, 22 Sup. Ct. 327, 46 L. Ed. 552.

In Williams v. Nottawa Tp., above, it is said:

"Congress when it passed the act of 1875 * * * was especially careful to guard against the consequences of collusive transfers to make parties, and imposed the duty on the court, on its own motion, without waiting for the parties, to stop all further proceedings and dismiss the suit the moment anything of the kind appeared."

In Bernards Township v. Stebbins, 109 U. S. 341–356, 3 Sup. Ct. 252, 27 L. Ed. 956, the court said:

"The decision in Williams v. Nottawa Tp., 104 U. S. 209, 26 L. Ed. 719, established that the Circuit Court of the United States cannot, since the act of 1875, entertain a suit upon municipal bonds payable to bearer, the real owners of which have transferred them to the plaintiffs of record for the sole purpose of suing thereon in the courts of the United States for the benefit of such owners, who could not have sued in their own names, either by reason of being citizens of the same state as the defendant, or by reason of the insufficient value of their claims."

In Waite v. Santa Cruz, 184 U. S. 302, 22 Sup. Ct. 327, 46 L. Ed. 552, the court quotes section 5 of Act March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 511], which is not repealed by the act of 1887–88, reviews its prior decisions, and in conclusion says:

"We adjudge that, as the plaintiff does not own the bonds or coupons in suit, but holds them for collection only, the Circuit Court was without jurisdiction to render judgment upon any claim or claims, whether bonds or coupons, held by a single person, firm, or corporation against the city, and which, considered apart from the claim or claims of other owners, could not have

been sued on by the real owner, by reason of the insufficiency of the amount of such claims."

This action does not therefore involve a controversy within the jurisdiction of this court, and no other question in the case need be considered.

It is accordingly dismissed, without prejudice, for want of jurisdiction, and at the plaintiff's costs.